STEPHEN P. BERZON (SBN 46540)
CONNIE K. CHAN (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altshulerberzon.com
Email: cchan@altshulerberzon.com

RICHARD EDELMAN (*pro hac vice application forthcoming*)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, N.W.
Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
Email: redelman@odsalaw.com

Attorneys for Defendant Transport Workers Union of America, AFL/CIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL DEMETRIS, et al.,

Plaintiffs,

v.

TRANSPORT WORKERS UNION OF AMERICA, AFL/CIO,

Defendant.

Case No. CV 13-cv-5566-VC

**STIPULATION AND ~~[PROPOSED]~~ ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND MODIFYING BRIEFING AND HEARING SCHEDULE**
**Civ. L.R. 6-2** AS MODIFIED

Date: n/a
Time: n/a
Ctrm.: A
Judge: Hon. Vince Chhabria

**Complaint Filed: December 4, 2013**
**Trial Date: n/a**

Plaintiffs Daniel Demetris, William Burke, Daniel Burstein, Patrick Collins, Richard Gorgas, Paul Herfel, Robert Marini, Abdul Morani, Paul Morrone, and Robert Palacek (collectively "Plaintiffs"), and Defendant Transport Workers Union of America, AFL/CIO ("Defendant"), herein referred to collectively as the "Parties," hereby stipulate, by and through their respective attorneys of record, as follows:

WHEREAS, Plaintiffs filed and served on Defendant a complaint in the above-captioned matter on December 5, 2013;

WHEREAS, pursuant to Civil Local Rule 6-1(a), the Parties previously stipulated to extend the time within which Defendant must file a responsive pleading to January 27, 2014;

WHEREAS, on January 23, 2014, this case was reassigned to the Honorable Judge Orrick;

WHEREAS, in light of the reassignment of this matter, the Parties agreed to extend the time within which Defendant must file a responsive pleading to February 18, 2014;

WHEREAS, on February 18, 2014, TWU filed a motion to dismiss Plaintiffs' original complaint for failure to exhaust internal union remedies and failure to state a claim (Dkt. 18);

WHEREAS, the Parties stipulated to allow Plaintiffs to file an amended complaint to add as a named plaintiff Thomas Powell and to incorporate allegations from his complaint originally filed in the Northern District of Texas in the action styled *Powell v. TWU et al.*, Case No. 3:14-cv-00375-G (N.D. Tex.), and to a briefing schedule on any amended motion to dismiss by TWU;

WHEREAS, at a case management conference on March 18, 2014, the Court (Judge Orrick) adopted the parties' agreed upon briefing schedule for Defendant's motion to dismiss the First Amended Complaint as follows: motion to dismiss due April 30, 2014; opposition due June 11, 2014; reply due July 9, 2014; and motion hearing set for August 27, 2014 at 2:00 p.m. (Dkt. 31);

WHEREAS, on April 17, 2014, this case was reassigned to the Honorable Judge Chhabria;

WHEREAS, on April 30, 2014, TWU filed its response to Plaintiffs' First Amended Complaint, asserting the same two grounds for dismissal raised in its original motion to dismiss,

and noticing the motion for August 28, 2014 at 1:30 p.m. However, due to an intervening Ninth Circuit en banc decision, holding that failure to exhaust union remedies should be raised in an early summary judgment motion at the outset of litigation, rather than in an "unenumerated Rule 12(b)" motion as had previously been required, TWU styled its motion as a motion for summary judgment for failure to exhaust; or alternatively, to dismiss for failure to state a claim. *See Albino v. Baca*, -- F.3d --, 2014 WL 1317141, *4, 6-7 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam);

WHEREAS, Plaintiffs have noticed TWU's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on various topics related to TWU's exhaustion defense;

WHEREAS, May 30, 2014 is the only day on which both parties' counsel and Sean Doyle, Defendant's Rule 30(b)(6) designee on certain topics, are available for deposition in Washington, D.C.;

WHEREAS, on May 12, 2014, the Court set a Case Management Conference for May 30, 2014 at 10:30 a.m.;

WHEREAS, another putative class action case brought against TWU based on allegations similar to the ones alleged here was filed on February 18, 2014 in Oklahoma State Court, Rogers County, was removed to federal court, and is currently pending in the Northern District of Oklahoma as *Letbetter v. Local 514, Transport Workers Union of America*, No. 4:14-cv-00125-TCK-FHM;

WHEREAS, TWU has moved to transfer the *Letbetter* Action to the Northern District of California pursuant to the first-to-file rule, and plaintiffs in the *Letbetter* action have filed a motion to remand, and both motions are now fully briefed in the Northern District of Oklahoma;

WHEREAS, if the court grants TWU's motion to transfer the *Letbetter* Action to the Northern District of California, TWU will move to relate and/or consolidate the action with the above-captioned matter;

WHEREAS, June 27, 2014 is the only day on which both parties' counsel and TWU President Harry Lombardo, Defendant's Rule 30(b)(6) designee on the remaining topics, are

available for deposition in Washington, D.C.

WHEREAS, because the depositions on Defendant's exhaustion defense that are the basis for TWU's motion for summary judgment will not be completed until June 27, 2014, it is necessary to modify the current briefing and hearing schedule;

WHEREAS, no other deadlines have yet been set in this matter, and thus neither rescheduling the May 30 Case Management Conference nor extending the briefing and hearing schedule on Defendant's motion will affect any other case scheduling deadlines; and

WHEREAS, based on availability of counsel in light of preexisting commitments in July and August, the Parties have agreed to the schedule set forth below;

Hence, pursuant to Civil Local Rule 6-2, the Parties stipulate as follows:

1. The Case Management Conference currently set for May 30, 2014 shall be rescheduled for June 20, 2014, provided that date is convenient for the Court;
2. Plaintiffs' opposition to Defendant's motion for summary judgment for failure to exhaust internal union remedies; or, alternatively, to dismiss for failure to state a claim shall be due July 31, 2014;
3. Defendant's reply shall be due August 21, 2014;
4. A hearing on Defendant's motion shall be set for September 4, 2014 at 1:30 p.m., or as soon thereafter as the Court is available.

Dated: May 22, 2014

STEPHEN P. BERZON (SBN 46540)
CONNIE K. CHAN (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altshulerberzon.com
Email: cchan@altshulerberzon.com

RICHARD EDELMAN *(pro hac vice application forthcoming)*
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, N.W.
Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
Email: redelman@odsalaw.com

by: */s/ Stephen P. Berzon*__________
Stephen P. Berzon

Attorneys for Defendant

Dated: May 22, 2014

MICHAEL A. CADDELL (SBN 249469)
CYNTHIA B. CHAPMAN (SBN 164471)
AMY E. TABOR (*pro hac vice*)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906
Email: mac@caddellchapman.com
Email: cbc@caddellchapman.com
Email: aet@caddellchapman.com

ARTHUR FELDMAN (*pro hac vice*)
BERG FELDMAN JOHNSON BELL, LLP
4203 Montrose Blvd., Suite 150
Houston, Texas 77006
Tel.: (713) 526-0200
Facsimile: (832) 615-2665
Email: afeldman@bfjblaw.com

AKBAR KABANI (*pro hac vice*)
ARSHIL KABANI (*pro hac vice*)
KABANI & KABANI, PLLC
3030 Lyndon B. Johnson Fwy, Suite 700
Dallas, TX 75234
Telephone: (888) 669-2889
Facsimile: (214) 722-7625
Email: akbar@kabanilaw.com

by: */s/ Michael A. Caddell*__________
Michael A. Caddell

Attorneys for Plaintiffs

**DECLARATION OF STEPHEN P. BERZON IN SUPPORT OF STIPULATION**

I, Stephen P. Berzon, declare as follows:

1. I am a member in good standing of the bar of the State of California and am one of the counsel of record for Defendant TWU in the above-captioned case. I make this declaration in support of the Parties' stipulated request to move the case management conference currently set for May 30, 2014, and to extend the briefing and hearing schedule on Defendant's pending motion for summary judgment for failure to exhaust internal union remedies; or, alternatively, to dismiss for failure to state a claim. The facts set forth in this declaration I know to be true of my own personal knowledge.

2. Pursuant to Civil Local Rule 6-1(a), the Parties previously stipulated to extend the time within which Defendant must file a responsive pleading to January 27, 2014.

3. On January 23, 2014, this case was reassigned to the Honorable Judge Orrick. In light of the reassignment of this matter, the Parties agreed to extend the time within which Defendant must file a responsive pleading to February 18, 2014.

4. On February 18, 2014, TWU filed a motion to dismiss Plaintiffs' original complaint for failure to exhaust internal union remedies and failure to state a claim (Dkt. 18).

5. The Parties stipulated to allow Plaintiffs to file an amended complaint to add as a named plaintiff Thomas Powell and to incorporate allegations from his complaint originally filed in the Northern District of Texas in the action styled *Powell v. TWU et al.*, Case No. 3:14-cv-00375-G (N.D. Tex.), and to a briefing schedule on any amended motion to dismiss by TWU.

6. At a case management conference on March 18, 2014, the Court (Judge Orrick) adopted the parties' agreed upon briefing schedule for Defendant's motion to dismiss the First Amended Complaint as follows: motion to dismiss due April 30, 2014; opposition due June 11, 2014; reply due July 9, 2014; and motion hearing set for August 27, 2014 at 2:00 p.m. (Dkt. 31).

7. On April 17, 2014, this case was reassigned to the Honorable Judge Chhabria.

8. On April 30, 2014, TWU filed its response to Plaintiffs' First Amended Complaint, asserting the same two grounds for dismissal raised in its original motion to dismiss, and noticing the motion for August 28, 2014 at 1:30 p.m. However, due to an intervening Ninth

Circuit en banc decision, holding that failure to exhaust union remedies should be raised in an early summary judgment motion at the outset of litigation, rather than in an "unenumerated Rule 12(b)" motion as had previously been required, TWU styled its motion as a motion for summary judgment for failure to exhaust; or alternatively, to dismiss for failure to state a claim. *See Albino v. Baca*, -- F.3d --, 2014 WL 1317141, *4, 6-7 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam).

9. Plaintiffs have served on Defendant Requests for Production of Documents related to TWU's exhaustion defense and have also noticed TWU's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on various topics related to TWU's exhaustion defense.

10. The Parties have met and conferred about scheduling Defendant's deposition pursuant to Rule 30(b)(6), and May 30, 2014 is the only day on which both parties' counsel and Defendant's Rule 30(b)(6) designee on certain topics is available for deposition in Washington, D.C. June 27, 2014 is the only day on which both parties' counsel and TWU President Harry Lombardo, Defendant's Rule 30(b)(6) designee on the remaining topics, are available for deposition, also in Washington, D.C.

11. Because Plaintiffs are seeking discovery on TWU's exhaustion defense, on which TWU has moved for summary judgment, Plaintiffs seek an extension of time to respond to the motion, which Defendant does not oppose.

12. Furthermore, another putative class action case brought against TWU based on allegations similar to the ones alleged here was filed on February 18, 2014 in Oklahoma State Court, Rogers County, was removed to federal court, and is currently pending in the Northern District of Oklahoma as *Letbetter v. Local 514, Transport Workers Union of America*, No. 4:14-cv-00125-TCK-FHM. TWU has moved to transfer the *Letbetter* Action to the Northern District of California pursuant to the first-to-file rule, and plaintiffs in the *Letbetter* action have filed a motion to remand. Both motions are now fully briefed.

13. If the *Letbetter* court grants TWU's motion to transfer the *Letbetter* Action to the Northern District of California, TWU will move to relate and/or consolidate the action with the above-captioned matter.

14. No other deadlines have yet been set in this matter, and therefore neither rescheduling the May 30 Case Management Conference nor extending the briefing and hearing schedule on Defendant's motion will affect any other case scheduling deadlines.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at San Francisco, California, on May 22, 2014.

by: */s/ Stephen P. Berzon*__________
Stephen P. Berzon

**~~[PROPOSED]~~ ORDER** AS MODIFIED

Pursuant to the Parties' stipulation and for good cause shown, the Court hereby sets the following briefing schedule on Defendant's motiond for summary judgment; or, alternatively, to dismiss for failure to state a claim:

1. Plaintiffs' opposition is due July 31, 2014;
2. Defendant's reply is due August 21, 2014;
3. A hearing on Defendant's motion is continued from August 28, 2014 to September 4, 2014 at 1:30 p.m.
4. The Case Management Conference currently set for May 30, 2014 is rescheduled to ~~June 20, 2014~~. July 11, 2014, at 10:30 a.m.

**IT IS SO ORDERED.**

Dated: May 23, 2014




The Honorable Vince Chhabria
United States District Judge